UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | CIVIL ACTION NO. 1:17cv00295 |
| v. | § | |
| | § | JURY REQUESTED |
| J. KEITH STANLEY, | § | |
| individually and as partner at | § | |
| FAIRCHILD, PRICE, HALEY & SMITH, LLP. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Ralph Lynn Ferguson, Jr. Pro se, with his First Amended Complaint, as a matter of course, relating back and complaining of J. Keith Stanley individually as well as professionally as a partner at FAIRCHILD, PRICE, HALEY & SMITH, LLP. and for cause of action would respectfully show the Court:

### A.  NATURE OF THE CAUSE

1.     This is a civil action for professional negligence and fraud in violation of laws under Texas Statutes.

### B.  JURISDICTION

2.     The Court has diversity jurisdiction of this action under 28 U.S.C. 1332(a)(1).

### C.  VENUE

3.     Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division under 28 U.S.C. § 1391(b)(1) because the defendant resides in this judicial district.

### D.  PARTIES

4.     Plaintiff, Ralph Lynn Ferguson, Jr. (herein "Plaintiff" or "Ferguson"), is an individual that is a citizen of Louisiana state.

5.      J. Keith Stanley (herein "Defendant" or "Stanley"), is an individual residing in Texas. Stanley is a licensed attorney in the state of Texas and partner in the law firm of FAIRCHILD, PRICE, HALEY & SMITH, LLP.. Mr. Stanley is being sued individually and professionally as a partner in the law firm of Fairchild, Price, Haley & Smith L.L.P. Stanley may be served with process at Fairchild, Price, Haley & Smith L.L.P., 413 Shelbyville Street, P.O. Drawer 1719, Center, Texas 75935.

6.      Plaintiff has standing and capacity to bring this lawsuit and the correct defendant is being sued in his correct capacities.

### E. CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

### F.  FACTS

8.      On August 5, 2014, Plaintiff was arrested by a Texas Department of Public Safety Trooper.  See Plaintiff's Exhibit 1;  Affidavit and Complaint for Warrant of Arrest and Detention of August 5, 2014, against Plaintiff attached to Plaintiff's Original Complaint and incorporated herein by reference.

9.      The above mentioned arrest was for Failure to Identify, Texas Penal Code Section 38.02.

10.      Texas Penal Code Section 38.02 Failure to Identify is not an arrestable offense.

11.      As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including perjury.

12.       As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including aggravated perjury.

13.      As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including official oppression.

14.      As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including abuse of office.

15.     As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including theft.

16.     As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including destruction of private property.

17.     As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including destruction of public records.

18.     As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including concealment of public records.

19.     As a result of the above mentioned unlawful arrest Plaintiff suffered injuries from persons acting under color of law including forgery of government document.

20.     As a result of the above mentioned unlawful arrest Plaintiff suffered numerous injuries at the hands of persons acting under color of law when they violated of state law.

21.     As a result of the above mentioned arrest criminal charges were bought against Plaintiff in Newton County Justice of the Peace Precinct 1, case #C1140250 for Failure to Identify.

22.     On or about November 19, 2014, Defendant was appointed as Plaintiff's defense counsel in case #C1140250.   See Plaintiff's Exhibit 2; Order of District Judge Mixson appointing Defendant as counsel, attached to Plaintiff's Original complaint and incorporated herein by reference.

23.     Defendant voluntarily accepted the appointment of Plaintiff's counsel.

24.     On April 1, 2015, Defendant contacted Plaintiff via telephone.

25.     The above mentioned April 1, 2015, contact by Defendant was his first contact with Plaintiff.

26.     On April 1, 2015, Defendant said he would file papers into case #C1140250 including a motion to dismiss.

27.     Defendant at no time filed any paper or papers into the case #C1140250.

28.     On April 1, 2015, Plaintiff expressed to Defendant that he wanted to be compensated for the damages caused by and related to the unlawful arrest of August 5, 2014.

29.     Defendant did not disclose to Plaintiff that the arrest of Plaintiff lacked probable cause.

30.     Defendant did not disclose to Plaintiff that he could have remedy under Texas Tort Claims Act for the acts of public servants who caused him injury related to the August 5, 2014, unlawful arrest.

31.     Plaintiff told Defendant that case file #C1140250 was missing from the JP Court Clerk's office.

32.     Defendant told Plaintiff that he would check into the missing case file #C1140250.

33.     Defendant never told Plaintiff what he found out about the missing case file #C1140250.

34.     Defendant at no time informed Plaintiff that prosecutor lacked probable cause to proceed with charges against him.

35.     On July 3, 2015, Defendant emailed to Plaintiff; "I have been trying to obtain a dismissal of the charges against you through various discussions with the District Attorney.  Having concluded that an agreed dismissal would not be forthcoming, I advised that I would be filing a formal motion with the Court."

36.     On or about July 9, 2015, Defendant filed a motion to withdraw as Plaintiff's counsel with Newton County District Court Clerk.

37.     On July 17, 2015, Newton County First Judicial District Judge Mixson granted Defendant's Motion to Withdraw as Plaintiff's counsel in case #C1140250.

38.     At the above mentioned Motion to Withdraw hearing Defendant stated that he never did represent Plaintiff in case #C1140250.

39.     On July 23, 2015, Justice of the Peace Court Precinct 1 granted State's Motion to Dismiss case #C1140250, failure to identify class C misdemeanor.

40.     Defendant was malicious in stating he never did represent Plaintiff in case #C1140250.

4

41.     Defendant acted with malice in not contacting Plaintiff for 19 weeks after his appointment.

42.     Defendant acted with malice in not disclosing to Plaintiff that his arrest lacked probable cause.

43.     Defendant acted with malice in not disclosing to Plaintiff that he could have a remedy in the Texas TORT Claims Act.

44.     Defendant acted maliciously in not disclosing to Plaintiff that prosecutor lacked probable cause to proceed with charges against him.

## G. PROFESSIONAL NEGLIGENCE

45.     Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

46.     Defendant a criminal defense attorney appointed as Plaintiff's counsel owed Plaintiff a heightened duty of care.

47.     Defendant a criminal defense attorney should have known what constitutes an unlawful arrest.

48.     Defendant a criminal defense attorney breached his duty of care in not disclosing to Plaintiff he could have a  remedy under the Texas TORT Claims Act.

49.     Defendant a criminal defense attorney should have known the nature and cause of the arrest of Plaintiff.

50.     Defendant a criminal defense attorney breached his duty of care and was professionally negligent in not disclosing to Plaintiff that the criminal charge of failure to identify against Plaintiff lacked probable cause.

51.     Defendant breached his duty of reasonable care in not contacting Plaintiff for 19 weeks after his appointment as Plaintiffs' counsel.

52.     Defendant a criminal defense attorney breached his duty of care owed to Plaintiff in not filing papers in Plaintiff's defense.

5

53.    Defendant a criminal defense attorney breached his duty of care owed to Plaintiff in not filing the motion to dismiss which he promised he would do.

54.    Defendant a criminal defense attorney breached his duty of care owed to Plaintiff in not disclosing to Plaintiff that for a prosecutor to pursue criminal charges lacking probable cause such as an arrest for a non-arrest-able ancillary charge of failure to identify was malicious.

55.    As a proximate result of the actions of Defendant, Plaintiff suffered damages including money damages, emotional distress and mental anguish.

56.    Wherefore Plaintiff demands judgment for money damages against Defendant Stanley together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### H. FRAUD

57.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

58.    Defendant told Plaintiff he would file a motion to dismiss in Plaintiff's criminal case.

59.    Defendant's telling to Plaintiff that he would file papers in Plaintiff's defense was important to Plaintiff's actions and responses to the criminal charges against him.

60.    Defendant's representation as Plaintiff's defense counsel was false.

61.    At the time Defendant stated he was Plaintiff defense counsel he never intended to represent Plaintiff.

62.    Defendant represented himself as Plaintiff's counsel to prevent Plaintiff from representing himself.

63.    Defendant represented himself as Plaintiff's counsel to aid the prosecution in obtaining a plea bargain from Plaintiff.

64.    Plaintiff relied upon Defendant's misrepresentation that he was defending Plaintiff in the

criminal case against him.

65.     As a proximate result of the actions of Defendant, Plaintiff suffered damages including money damages, emotional distress and mental anguish.

66.     Wherefore Plaintiff demands judgment for money damages against Defendant Stanley together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## I. DAMAGES

67.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a. Pecuniary damages in defending Plaintiff's criminal charge.

   b. Past mental anguish suffered.

   c. Future mental anguish.

   d. Loss of remedy through the TORT Claims Act of Texas against entities responsible for Plaintiff's warrant-less and unlawful arrest on August 5, 2014, and the consequences that followed, which could have benefited Plaintiff.

   e. Exemplary damages.

## J. COMPENSATION

68.     As a result of Defendants actions Plaintiff seeks remedy through the courts and request compensation for his time spent in prosecuting this case pro se.

## CONSTITUTIONAL CHALLENGE

69.     Plaintiff raises this his Constitutional Challenge to Attorney Fees in 42 U.S.C. § 1988(b),  and any and all such Attorney Fees whether by statue or court order.  Not only does an award of attorney fees cover work product of the attorney whereas Pro se litigants as a none written rule are not entitled to compensation for their work, it is also true that attorney fees cover none work product expenses

making attorney fees either by statute or court order favoritism for litigants represented by covering more of the "true cost" of litigation.  Attorney fees are un-Constitutional in that they give unjust advantage to one party over another.

## DEMAND FOR JURY TRIAL

70.     Pursuant to Rule 38 of the Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

WHEREFORE, PREMISES CONSIDERED, based on the foregoing allegations of statutorily created causes of action, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final hearing, Plaintiff be awarded: compensatory damages in an amount greater than the jurisdictional limits of this court; exemplary damages as permitted by law; special damages; Pre and post judgment interest on that amount at the legal rate; just compensation for time spent as Pro se in prosecuting this cause; attorney fees - should any be incurred; costs of suit; and any and all other relief that the court finds proper.

Date: _October 18, 2017_

Respectfully submitted,

By: _Ralph Lynn Ferguson Jr._
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:       337.462.0541

## CERTIFICATE OF SERVICE

I certify that on October 19, 2017, a copy of Plaintiff's First Amended Complaint was served by certified U.S. mail, return receipt requested and standard by U.S. mail and by e-mail to kstanley@fairchildlawfirm.com on the following defendant:

J. Keith Stanley
Fairchild, Price, Haley & Smith L.L.P.
413 Shelbyville Street
Center, Texas 75935
Phone: (936) 598-2981
Fax: (936) 598-9155
kstanley@fairchildlawfirm.com


Ralph Lynn Ferguson, Jr.

Ralph Lynn Ferguson, Jr.
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
phone 337.462.2615
fax 337.462.0541



October 19, 2017

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217

RE: Ferguson v. Stanley Cause 1:17cv295

Mr. O'Toole,

Enclosed are the original and one copy of Plaintiff's First Amended Complaint.

Please file the original among the papers in the  above referenced cause and file stamp the copy for returning to me.

If you have any questions I may be contacted at the above address.

Thank you in advance for your assistance in this matter.

Sincerely,

Ralph Lynn Ferguson Jr.
Ralph Lynn Ferguson, Jr.