UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB - 5 2020

Ralph Lynn Ferguson, Jr,

v.

J. KEITH STANLEY,
individually and as partner at
FAIRCHILD, PRICE, HALEY & SMITH,
LLP.

1:17cv00295  BY

Civ. No. _____  **DEPUTY**_____

### AFFIDAVIT IN SUPPORT OF CLERK'S ENTRY OF DEFAULT

I hereby certify that I am the plaintiff or the attorney of record for the plaintiff in the above cause, and that defendant  J. KEITH STANLEY _____  was served by the following method:  Personal service of Summons and Complaint with attachments, Docket Entry 1, a true and correct copy attached hereto as Exhibit 1, was made on J. KEITH STANLEY at 413 Shelbyville St., Center, TX 75935, on September 28, 2017, by state licensed process server Jimmy Wagstaff SCH#10383.  Mr. Wagstaff's "Affidavit of Service" was entered into this case record by Plaintiff at Docket Entry 6 on October 10, 2017, and a true and correct copy is attached hereto as Exhibit 2.

I further certify that the defendant has failed to serve an answer or other responsive pleading; no extension has been granted or any extension has expired; the defendant is neither an infant (under age 21) nor an incompetent person; the defendant is not in the active military service of the United States of America or its officers or agents or was not six months prior to the filing of the case.

The Clerk is requested to enter a default against said defendant.

_Ralph Lynn Ferguson Jr_
Ralph Lynn Ferguson Jr.

**SWORN TO** and subscribed before me on the  3rd  day of February 2020.

_Pat S Williams_ #64711
Notary Public, State of Louisiana

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

Ralph Lynn Ferguson, Jr,                          §
                                                  §          CIVIL ACTION NO.  1:17cv00295
v.                                                §
                                                  §          JURY REQUESTED
J. KEITH STANLEY,                                 §
individually and as partner at                    §
FAIRCHILD, PRICE, HALEY & SMITH, LLP.   §

## AFFIDAVIT IN SUPPORT OF CLERK'S ENTRY OF DEFAULT

## EXHIBIT 1

## Complaint with attachments, Docket Entry 1.

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL 1 0 2017

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | CIVIL ACTION NO. __1:17 cv 295__ |
| v. | § | |
| | § | JURY REQUESTED |
| J. KEITH STANLEY, | § | |
| individually and as partner at | § | |
| FAIRCHILD, PRICE, HALEY & SMITH, LLP. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Ralph Lynn Ferguson, Jr. complaining of J. Keith Stanley individually as well as professionally as a partner at FAIRCHILD, PRICE, HALEY & SMITH, LLP. and for cause of action would respectfully show the Court:

### A. NATURE OF THE CAUSE

1.    This is a civil action for professional negligence, gross negligence, malice, intentional inflection of emotional distress and fraud in violation of laws under Texas Statutes.

### B. JURISDICTION

2.    The Court has diversity jurisdiction of this action under 28 U.S.C. 1332(a)(1).

### C. VENUE

3.    Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division under 28 U.S.C. § 1391(b)(1) because the defendant resides in this judicial district.

### D. PARTIES

4.    Plaintiff, Ralph Lynn Ferguson, Jr. (herein "Plaintiff" or "Ferguson"), is an individual that is a citizen of Louisiana state.  Plaintiff has standing and capacity to bring this lawsuit and the correct defendant is being sued in his correct capacities.

5.    J. Keith Stanley (herein "Stanley"), is an individual residing in Texas. Stanley is a licensed attorney in the state of Texas and partner in the law firm of FAIRCHILD, PRICE, HALEY & SMITH, LLP.. Mr. Stanley is being sued individually and professionally as a partner in the law firm of Fairchild, Price, Haley & Smith L.L.P. Stanley may be served with process at Fairchild, Price, Haley & Smith L.L.P., 413 Shelbyville Street, P.O. Drawer 1719, Center, Texas 75935.

### E. CONDITIONS PRECEDENT

6.    All conditions precedent have been performed or have occurred.

### F. FACTS

7.    On August 5, 2014, Plaintiff while in Newton County was arrested for failure to identify Texas Penal Code 38.02 by Texas Department of Public Safety Trooper Eric Marcine Dunn and three Newton County Sheriff's Deputies and one Newton City Police Officer.  See attached; Plaintiff's Exhibit 1; Affidavit and Complaint for Warrant of Arrest and Detention of August 5, 2014, against Plaintiff.

8.    The above mentioned arrest of August 5, 2014 resulted in a criminal charge of failure to identify against Plaintiff which was prosecuted by Newton County Prosecutors Office through Justice of the Peace Precinct 1 Court.

9.    Unknown to Plaintiff at the time, on November 19, 2014, Stanley was appointed criminal defense counsel on Plaintiff's failure to identity charge. See attached; Plaintiff's Exhibit 2; Order of District Judge Mixson appointing Stanley as counsel.

10.    On December 5, 2014, JP Court notified Plaintiff that his December 11, 2014, trial date had been postponed to a later date and the notice did not specify as to what the later date would be.

11.    Plaintiff was informed by the court's clerk the reason for the above mentioned December 11, 2014, trial date postponement was to give defense attorney time to prepare.

12.    Though Plaintiff is completely unaware of this fact, February 5, 2015, is the last possible date to

2

file Notice of TORT Claim for remedy against state and or non-state entities for the August 5, 2014, arrest of Plaintiff which occurred without probable cause.

13.    On March 31, 2015, Plaintiff having neither received formal papers or informal papers identifying Stanley as his court appointed criminal defense counsel nor any contact from Stanley or the law offices of Fairchild, Price, Haley & Smith, L.L.P. traveled to Newton County to look at his court record located at Newton County Justice of the Peace Precinct 1 Court however, there was no criminal case court file in that court on Plaintiff.

14.    Later on March 31, 2015, Plaintiff traveled to the Newton County Courthouse where he obtained a copy of the order appointing Stanley as counsel in the herein mentioned JP Court case from the Newton County District Court Clerk's Office.   See attached; Plaintiff's Exhibit 2; Order of District Judge Mixson appointing Stanley as counsel.

15.    On April 1, 2015, Plaintiff was contacted by Stanley for the first time via a telephone call (herein Stanley's telephone call).

16.    Stanley's telephone call which was the first communication by Stanley with Plaintiff, was made 4 months and a week after Stanley's appointment as counsel and 7 months and 3 weeks after Plaintiff's warrantless arrest which lacked probable cause herein mentioned.

17.    During Stanley's telephone call he discussed his strategy for defending Plaintiff against his failure to identify charge.

18.    During Stanley's telephone call Plaintiff expressed dire concerns about having been arrested for a non-arrestable offense, having his car window broken, having to borrow money to get out of jail, having to pay to get his car from the towing company which seized Plaintiff's car as a result of the arrest, and the great inconvenience and stress of defending the charge against him which made no sense.

3

19.   During Stanley's telephone call he told Plaintiff of a man indicted in 2007 and was just now 8 years later going to court. Stanley said "But there is no, there is no ya know set schedule about when a hearing is set or when a trial is scheduled just it varies." Which Plaintiff took from Stanley to mean that Plaintiff's failure to identify case could take many years.

20.   During Stanley's telephone call he was informed by Plaintiff that there was no criminal court case file at the JP Precinct 1 Court concerning Plaintiff's failure to identify charge to which Stanley replied that was serious and he would look into it.

21.   Stanley never contacted Plaintiff in regards to any information he found out about the missing JP Court file on Plaintiff.

22.   During Stanley's telephone call he agreed to file a motion to dismiss in Plaintiff's case.

23.   During Stanley's telephone call Stanley said he would send Plaintiff his copy of Plaintiff's court file which he had gotten from the Newton District Attorney's Office.

24.   The above referenced case file was received by Plaintiff on April 4, 2015, however the file Plaintiff received from Stanley totaling 24 pages was not a complete file as it contained none of the several papers Plaintiff had filed into that case prior to Stanley's appointment.

25.   On June 29, 2015, Plaintiff having not heard from Stanley in 3 months went to J.P. Court to view his JP Court case file and unlike on March 31, 2015, there was a file there said to be Plaintiff's file however, there was no motion to dismiss done by Stanley as he had promised.

26.   Stanley has been Plaintiff's court appointed attorney for nearly 7 months and filed nothing into the case.

27.   On July 3, 2015, Plaintiff received email from Stanley stating he will be filing motion to withdraw as counsel.

28.   On July 17, 2015, Plaintiff traveled to Newton County to attend Stanley's hearing for his Motion

4

to Withdraw as Counsel being heard in the Newton County First Judicial District Court Judge Mixson

which was the same judge that appointed Stanley and who now granted Stanley's motion to withdraw

over Plaintiff's numerous objections.

29.    Quote from transcript of hearing for Stanley's motion to withdraw in response to his

appointment in Plaintiff's failure to identify case: MR. STANLEY: "Can I address that real quick. The

J.P. case he's not entitled to a court-appointed attorney in a J.P. case. I would disagree that I'm

appointed in the J.P. case. I am appointed in the felony case, which is how I got into it." However, as

the attached exhibit 2 clearly shows Stanley was appointed as Plaintiff's counsel in his failure to

identify JP court case.

30.    The felony Stanley is referring to above was no billed by the Newton County Grand Jury.

31.    The Newton County District Attorney stated the following at the hearing for Stanley's motion to

withdraw. MS. TRACY: "And there was a felony charge that was somewhat questionable. We were

waiting for more information on it. So, in the meantime, Mr. Stanley agreed and was appointed to

handle both cases because we were hoping to be able to work everything out without ever needing to

go to grand jury."

32.    Stanley accepted the position of court appointed criminal defense attorney in Plaintiff's case

voluntarily.

## G. PROFESSIONAL NEGLIGENCE

33.    Stanley breached his duty of reasonable care in not contacting Plaintiff for 19 weeks after his

appointment as Plaintiffs' counsel.

34.    Stanley should have known the nature and cause of the arrest of Plaintiff and was negligent in

not disclosing to Plaintiff that the criminal charge of failure to identify against Plaintiff lacked probable

cause.

35.  Stanley was negligent in not filing papers into the case file including the motion to dismiss which Stanley promised he would do.

36.  Stanley was negligent in not disclosing to Plaintiff that for a prosecutor to pursue criminal charges lacking probable cause such as an arrest for a non-arrest-able ancillary charge of failure to identify was malicious on the part of that prosecutor.

### H.  GROSS NEGLIGENCE

37.  Stanley a criminal defense attorney should have known what constitutes an unlawful arrest and of the remedy that could have been pursued under the Texas TORT Claims Act for false arrest and was grossly negligent in not disclosing that information to Plaintiff in a timely manner.

### I.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38.  Stanley's refusal to to communicate with Plaintiff for months after being appointed as counsel was an intentional infliction of emotional distress.

39.  Stanley's refusal to file papers into Plaintiff's JP Court case was an intentional inflection of emotional distress.

40.  Stanley's statement during his motion to withdraw hearing that he did not represent Plaintiff was an intentional inflection of emotional distress.

41.  Stanley in telling Plaintiff that some cases can take many years to get to court was designed to and did inflict emotional distress on Plaintiff.

### J.  MALICE

42.  Stanley as a criminal defense attorney should have known what is an unlawful arrest.  Stanley's in not contacting Plaintiff in a timely manner, not disclosing that the criminal complaint lacked probable cause, that the criminal prosecution of Plaintiff was malicious, and not disclosing to Plaintiff that there was a remedy for false arrest in the Texas TORT Claims Act were all malicious acts and

6

omissions.

## K. ACTUAL FRAUD

43.  Stanley in telling Plaintiff he would file a motion to dismiss in Plaintiff's criminal case when he never intended to do so was actual fraud.

44.  Stanley in telling Plaintiff he would defend Plaintiff in the criminal case against him although he never intending to defend Plaintiff as later evidenced by his statement in his hearing on motion to withdraw that he never represented Plaintiff was an actual fraud.

45.  Stanley's negligence in not disclosing to Plaintiff in a timely manner that Plaintiff had a remedy in the TORT Claims Act which could have afforded Plaintiff remedy was an actual fraud.

## L. DAMAGES

46.  As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

a. Pecuniary damages in defending Plaintiff's criminal charge.

b. Past mental anguish suffered.

c. Future mental anguish.

d. Loss of remedy through the TORT Claims Act of Texas against entities responsible for Plaintiff's warrant-less and unlawful arrest on August 5, 2014, and the consequences that followed, which could have benefited Plaintiff.

e. Exemplary damages.

## M. COMPENSATION

47.  As a result of Defendants actions Plaintiff seeks remedy through the courts and request compensation for his time spent in prosecuting this case pro se.

## CONSTITUTIONAL CHALLENGE

7

47.   Plaintiff raises this his Constitutional Challenge to Attorney Fees in 42 U.S.C. § 1988(b),  and any and all such Attorney Fees whether by statue or court order.  Not only does an award of attorney fees cover work product of the attorney whereas Pro se litigants as a none written rule are not entitled to compensation for their work, it is also true that attorney fees cover none work product expenses making attorney fees either by statute or court order favoritism for litigants represented by covering more of the "true cost" of litigation.  Attorney fees are un-Constitutional in that they give unjust advantage to one party over another.

## DEMAND FOR JURY TRIAL

48.   Pursuant to Rule 38 of the Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

WHEREFORE, PREMISES CONSIDERED, based on the foregoing allegations of statutorily created causes of action, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final hearing, Plaintiff be awarded: compensatory damages in an amount greater than the jurisdictional limits of this court; exemplary damages as permitted by law; special damages; Post judgment interest on that amount at the legal rate; just compensation for time spent as Pro se in prosecuting this cause; attorney fees - should any be incurred; costs of suit; and any and all other relief that the court finds proper.

Date: July 7, 2017

Respectfully submitted,

By: *Ralph Lynn Ferguson Jr*
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:     337.462.0541

8

CIVIL ACTION NO.

FERGUSON V. STANLEY

PLAINTIFF'S EXHIBIT #1

AFFIDAVIT AND COMPLAINT

FOR WARRANT OF ARREST AND DETENTION

OF AUGUST 5, 2014, AGAINST PLAINTIFF.

Cause Number _____

| THE STATE OF TEXAS | X | IN THE (MUNICIPAL)(JUSTICE) |
| | X | (COUNTY)(DISTRICT) COURT |
| | X | (PCT OR C.C. AT LAW ____) |
| COUNTY OF NEWTON | X | IN NEWTON COUNTY, TEXAS |

## AFFIDAVIT and COMPLAINT FOR WARRANT OF ARREST AND DETENTION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Undersigned Affiant, who after being duly sworn by me, on oath makes the following statement:

I, Trooper II Eric Marcine Dunn #12421, have good reason to believe and do believe that FERGUSON, RALPH LYNN  W/M DOB:_____  TX, DL/ID/_____ on or about the 5 th day of August, 2014 in NEWTON County, Texas, did then and there commit the offense of:

### FAILURE TO IDENTIFY-MISDEMEANOR (TXPC 38.02(a))
Misdemeanor - Class C

### EVADING ARREST DETENTION W/VEH OR WATERCRAFT (TXPC 38.04(b)(1)(B))
State Jail Felony

My belief of the foregoing statement is based upon , who personally observed such offense:

On August 5, 2014, at approximately 5:20 p.m., I, Trooper Eric Dunn, stopped Unit 1, green 1971 Volkswagen, LALP# _____ for Improperly worn Safety Belt - Driver, were underneath arm, on US 190 @ MM 878 in Bon Wier, Newton County, Texas. Upon speaking with the driver of Unit 1, the driver refused to identify himself claiming that he had committed no violation of the law. Furthermore, the driver let me know that he had a video camera and audio recorders that were taping the traffic stop. I explained to the driver the reason for the stop and asked to see his driver license. The driver refused to provide any identifying information including but not limited to: driver license, State identification card, name, date of birth, address or Social Security number. The driver contested that he had committed no offense, he was not in commerce, he could wear his safety belt underneath his arm because it was not retractable, and that he did not have to identify himself unless he was under arrest. I advised the driver if he did not identify himself, then he would be placed under arrest for Fail to Identify - "MC" - PC 38.02(a) because, he was lawfully being detained for a safety belt violation. The unidentified driver refused present or give any information about himself, rolled his window up and asked, "How far are you willing to go," and barricaded himself inside of Unit 1. After several attempts were made to reason with the unidentified driver, where I offered the unidentified driver a chance to identify himself, to no avail, I told the unidentified driver that he was being placed under arrest for Failing to Identify himself. I asked the driver if he was going to open the door of Unit 1 and get out own his own. The unidentified driver refused to exit his vehicle. I then broke the driver's side window, unlocked the driver's side door, opened it and asked the driver if he was going to get out of his vehicle. The driver refused. I then unbuckled the driver's safety belt and asked the unidentified driver if he was going to get out of his vehicle. The driver then exited Unit 1 on his own. The unidentified driver was then handcuffed with his hands placed behind his back. The unidentified driver was then transported to the Newton County jail where I requested emergency medical service responders provide a medical assessment of the unidentified driver prior to him being booked in to the jail. Care Plus emergency medical services responded to the scene and assessed the unidentified driver. The unidentified driver now identified himself as Ralph Ferguson to the Care Plus responders but would not provide them with any more information. After Care Plus assessed the unidentified driver and released him, the unidentified driver was taken into the Newton County jail where he was released to the jail staff to be processed for Fail to Identify - "MC" - PC 38.02(a) and Evading Arrest or Detention - "SJF" - PC 38.04(b)(1)(B). The unidentified driver then told the jail staff that his name was Ralph Lynn Ferguson but, refused to provide any other information. Newton County Sheriff's Office conducted a records check on Ralph Lynn Ferguson and finally confirmed that the unidentified driver was FERGUSON JR., Ralph Lynn, DOB:_____ by an expired Texas driver's license photograph TXDL# _____. Unit 1 was released to Patrick's - 12585 SH 87 S., Newton, TX 75966.

This offense was committed against the peace and dignity of the state of Texas.

Affiant Trooper II Eric Marcino Dunn #12421

SWORN AND SUBSCRIBED TO, before me by the said Affiant on this the 5th day of August, 2014.

[ ] Notary Public       [✓] Peace Officer, in and for The State of Texas NEWTON County

On this the 5th day of August , 2014 , I hereby acknowledge that I have examined the foregoing Affidavit and have determined that probable cause does exist for the issuance of an arrest warrant for the individual accused herein.

Magistrate in and for, NEWTON County, Texas

CIVIL ACTION NO.

FERGUSON V. STANLEY

PLAINTIFF'S EXHIBIT #2

ORDER OF DISTRICT JUDGE MIXSON APPOINTING

STANLEY AS COUNSEL.

NO. _____

THE STATE OF TEXAS )( IN THE _____ COURT

vs. )( OF

*Ralph Lynn Ferguson* NEWTON COUNTY, TEXAS

## DEFENDANT'S APPLICATION FOR APPOINTMENT OF ATTORNEY

" On this the _____ day of _____, 20____, I have been advised by a Judge or Magistrate, of my right to representation by counsel in the trial of the charge(s) pending against me. I am without means to employ counsel of my own choosing and I hereby request the Court to appoint counsel for me. I also state under oath that I have completed the attached questionnaire concerning my financial resources and if I have been questioned by the Judge or Magistrate that all of my answers are true and correct."

The charges pending against me are *Failure to Identify*

**\*\*\*\* DO YOU HAVE ANY OTHER PENDING CASES ?  Yes _____  No _____**
**IF SO, WHO IS THE ATTORNEY REPRESENTING YOU.** _____
Is this a Probation Violation (Motion to Revoke) Yes _____  No _____

*see attached*

_____
Defendant

Printed Name: _____
Address: _____

_____
Phone No. _____

## DECLARATION OF FINANCIAL INABILITY TO EMPLOY COUNSEL

1. My earnings are: $ _____,

2. The source of my earnings or income is: _____

3. I am / am not (strike one) married and support _____ children.

4. My spouse's earnings or income is: _____,

5. I own the following property:

_____
_____
_____
_____

6. I have the following money:

    (a) At Home _____ (b) Checking _____ (Savings) _____

7. I owe the following debts:

_____

_____

_____

8. I am / am not free on bail.

I HAVE NO ABILITY TO OBTAIN CREDIT TO RAISE FUNDS WITH WHICH TO EMPLOY AN ATTORNEY AND DESIRE THE COURT TO ASSIGN AN ATTORNEY TO DEFEND ME. I DECLARE UNDER PENALTY FOR PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____

(Signature of Declarant)

SUBSCRIBED AND SWORN to before me on this the _____ day of _____, 20_____.

_____

NOTARY PUBLIC OR PERSON
AUTHORIZED TO ADMINISTER OATHS

Print Name: _____
Capacity: _____

## ORDER REGARDING REQUEST FOR APPOINTMENT OF ATTORNEY

I hereby appoint _Keith Shelby_ _____ as attorney for the defendant in the above entitled and numbered case.

[ ] I hereby find that defendant is not indigent under Standards and Procedures adopted in this county as required by law.

Judge Presiding.

EASTERN DISTRICT OF TEXAS

JUL 10 2017

BY
DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

Ralph Lynn Ferguson, Jr,                §
                                         §   CIVIL ACTION NO. ___1:17 cv 295___
v.                                       §
                                         §        JURY REQUESTED
J. KEITH STANLEY,                        §
individually and as partner at           §
FAIRCHILD, PRICE, HALEY & SMITH, L.L.P.  §

## NOTICE OF CONSTITUTIONAL QUESTION

Plaintiff, Ralph Ferguson, serves this notice of constitutional question on the U.S. Attorney General. Plaintiff's Original Complaint challenges the constitutionality of Attorney Fees in 42 U.S.C. § 1988(b), and any and all similar Attorney Fees awarded by court order. Plaintiff's position is that such attorney fees provide compensation to represented parties far and above mere work product and in so doing create an unfair advantage to those who can either not afford an attorney or choose not to be represented by attorney. Plaintiff's belief is that the attorney fees as commonly implemented clearly established a practice of compensating represented parties for more than their attorney's work product thereby creating a unfair bias against unrepresented parties. Plaintiff reserves the right to challenge this matter of represented parties being compensated for legal cost that unrepresented parties are denied.

Respectfully submitted,

By: Ralph Lynn Ferguson Jr
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
337.462.2615
337.462.0541

## CERTIFICATE OF SERVICE

I certify that on July 10, 2017, a copy of Notice of Constitutional Question was served by certified U.S. mail, return receipt requested, on Attorney General of the United States, Jeff Sessions:

Attorney General of the United States
Jeff Sessions
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
phone 202-514-2000

Ralph Lynn Ferguson, Jr. Pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

Ralph Lynn Ferguson, Jr,                         §
                                                 §          CIVIL ACTION NO.  1:17cv00295
v.                                               §
                                                 §          JURY REQUESTED
J. KEITH STANLEY,                                §
individually and as partner at                   §
FAIRCHILD, PRICE, HALEY & SMITH, LLP.  §

### AFFIDAVIT IN SUPPORT OF CLERK'S ENTRY OF DEFAULT

### EXHIBIT 2

## Mr. Wagstaff's "Affidavit of Service", "Summons" and "Proof of Service" Docket Entry 6.

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
### Eastern District of Texas




FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXA

OCT 10 2017

BY
DEPUTY

Case Number: 1:17CV295

Plaintiff:
**Ralph Lynn Ferguson, Jr.**

vs.

Defendant:
**J. Keith Stanley Individually and as Partner at Fairchild, Price, Haley & Smith L.L.P.**

For:
Ralph Lynn Ferguson
1192 Highway 27
Deridder, LA 70634

Received by Piney Woods Process LLC on the 20th day of September, 2017 at 5:45 pm to be served on **J. Keith Stanley, 413 Shelbyville Street, Center, TX 75935.**

I, Jimmy Wagstaff, being duly sworn, depose and say that on the **28th day of September, 2017 at 1:47 pm, I:**

**PERSONALLY** delivered a true copy of the **Summons in a Civil Action; Plaintiff's Original Complaint with Exhibits.** to: **J. Keith Stanley** at the address of: **413 Shelbyville Street, Center, TX 75935** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 29th day of September, 2017 by the affiant who is personally known to me.

NOTARY PUBLIC

Jimmy Wagstaff
SCH#10383 EXP 06/30/2019

**Piney Woods Process LLC**
3009 South John Redditt Dr.
Suite E178
Lufkin, TX 75904
(936) 662-6320

Our Job Serial Number: PWO-2017000625
Service Fee: _____



STEFANIE K WAGSTAFF
Notary Public State of Texas
My Commission # 130835269
My Comm. Exp. May 2, 2020

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1g

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | ) | |
|---|---|---|
| Ralph Lynn Ferguson, Jr. | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:17cv 295 |
| | ) | |
| J. KEITH STANLEY | ) | |
| individually and as partner at | ) | |
| FAIRCHILD, PRICE, HALEY & SMITH L.L.P. | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

J. KEITH STANLEY
413 Shelbyville Street,
P.O. Drawer 1719,
Center, Texas 75935.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Ralph Lynn Ferguson, Jr.
1192 Highway 27
DeRidder, Louisiana 70634

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

David A. O'Toole

Date:  7-10-2017     _____
                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  J. KEITH STANLEY

was received by me on *(date)*  9/20/2017 .

☒ I personally served the summons on the individual at *(place)*  413 Shelbyville ST, Center, TX 75934
on *(date)* 9-28-2017  ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is
designated by law to accept service of process on behalf of *(name of organization)*
on *(date)* ; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify):*

**FILED**
EASTERN U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 0 2017

BY
DEPUTY

My fees are $  for travel and $  for services for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: 10-4-2017

Server's signature

Jimmy Wagstaff
Printed name and title

PO Box 374 Joaquin, TX 75954
Server's address

Additional information regarding attempted service, etc:

Ralph Lynn Ferguson, Jr.
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
phone 337.462.2615
fax 337.462.0541

February 3, 2020

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217

CLERK, U.S. DISTRICT COURT
RECEIVED
FEB - 5 2020
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

RE: Ferguson v. Stanley Cause 1:17cv00295

Mr. O'Toole,

Enclosed are the original and one copy of Plaintiff's corrected AFFIDAVIT IN SUPPORT OF CLERK'S ENTRY OF DEFAULT with exhibits.

Please file the copy among the papers in the above referenced cause and file stamp the original of the notarized affidavit for returning to me in the self addressed stamped envelope provided for that purpose.

If you have any questions I may be contacted at the above address.

Thank you in advance for your assistance in this matter.

Sincerely,

Ralph Lynn Ferguson Jr.
Ralph Lynn Ferguson, Jr.

Ralph Lynn Ferguson
1192 Hwy 27
DeRidder, Louisiana 70634



CERTIFIED MAIL

7019 0700 0000 5596 3602

 



U.S. POSTAGE PAID
FCM LG ENV
DERIDDER, LA
70634
FEB 03, 20
AMOUNT

**$8.20**

1000          77701          R2304W120389-10

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217