IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **RALPH LYNN FERGUSON, JR,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 1:17-CV-00295** |
| v. | § | |
| | § | |
| **J. KEITH STANLEY** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANT J. KEITH STANLEY'S MOTION FOR RELIEF
### FROM JUDGMENT AND/OR ORDER

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendant **J. KEITH STANLEY** (hereafter "Defendant") respectfully moves this Court for relief from the District Clerk's entry of default, and will respectfully show the Court as follows:

### I.
### INTRODUCTION AND FACTUAL BACKGROUND

1. Defendant brings this motion pursuant to FED. R. CIV. P. 55(c), as there has been a clerk's entry of default, but a final judgment of default has not been rendered by the Court. There has also been an Amended Complaint on which no service was attempted or made.

2. Plaintiff Ralph Lynn Ferguson, Jr. (hereafter "Plaintiff") has filed suit on the same facts before. Plaintiff was the subject of a traffic stop in August 2014, and was ultimately taken into custody for failing to cooperate and show identification. Plaintiff sued this Defendant, among numerous others,[1] bringing claims concerning "his detention, arrest, search, seizure, and

---

[1] The other defendants include a DPS Trooper (Defendant Dunn), a DPS supervisor (Defendant Holloway), Newton County deputy sheriffs (Defendants Willis, Beckham, and Thurman), a Newton County jailor (Defendant Kelly), a Newton County public information officer (Defendant Morrow), a Newton County Justice of the Peace (Defendant Smith), a state district court judge in Newton County (Defendant Mixson) the Newton County prosecutor (Defendant Ponthier), an assistant Newton County prosecutor (Defendant Hilton), a City of Newton police officer (Defendant Corkern), employees of an automotive impound lot (Defendant Butler and Brown).

subsequent process in the Newton County legal system." Civil Action No. 1:16-CV-00272-MAC-JZH ("First Suit"), Doc. 169 at Page ID 1687. The First Suit was filed on July 11, 2016. 1:16-CV-00272-MAC-JZH ("First Suit"), Doc. 1. The factual background of the First Suit has previously been set out at length by the Court. *Id.*, at Page ID 1682-86. Defendant Stanley was Plaintiff's appointed legal counsel. Plaintiff *alleged* in the First Suit that Defendant Stanley had fraudulently misrepresented the status and progress of the criminal proceedings (specifically a motion to dismiss the misdemeanor charge); that Stanley had engaged in a civil conspiracy with the prosecutors; that Stanley (though Stanley was defense counsel) had maliciously prosecuted Ferguson; and that Stanley had intentionally inflicted emotional distress on Ferguson by "avoiding contact with Ferguson for several months after being appointed as defense counsel, misleading Ferguson by falsely agreeing to file a motion in the case, and intentionally delaying the case." 1:16-CV-00272-MAC-JZH Doc. 169 at Page ID 1725-29.

3.  The First Suit was dismissed with prejudice on June 1, 2018 and is now on appeal. 1:16-CV-00272 MAC-JZH, Doc. 169 (Report and Recommendation); Doc. 174 (Order Adopting Report and Recommendation); *See also* Cause No. 19-40600 (Fifth Circuit).

4.  During the pendency of the First Suit, on July 10, 2017, Plaintiff filed a second suit (this suit) against this Defendant. 1:17-CV-00295-MAC-JZH (Second Suit) Doc. 1. Defendant was served with this document and turned the document over to counsel's assistant, who inadvertently thought it was part of the first suit filed by the same Plaintiff with reg same or similar facts. Therefore, no response was calendared to be filed. However, after service of the original complaint, Plaintiff filed an Amended Complaint on October 19, 2017. 1:17-CV-00295-MAC-JZH, Doc. 8. Defendant was not served with this amended pleading. *See* Docket Sheet, 1:17-CV-00295-MAC-JZH.

5.  Ferguson's factual basis for the Second Suit arose out of the same operative facts as the First Suit (the traffic stop and associated criminal proceedings) and indeed, on the same alleged

failings by Stanley. In the Second Suit, Ferguson complains, among other things, of Stanley: "not filing papers into the case file including the motion to dismiss which Stanley promised he would do"; "not disclosing to Plaintiff that [under Ferguson's view of the facts and law regarding his arrest] for a prosecutor to pursue criminal charges was malicious prosecution on the part of that prosecutor"; and of Stanley "refus[ing] to communicate for months". 1:17-CV-00295-MAC-JZH, Doc. 1, Page ID 5-7. Ferguson recast some of those facts into a "Professional Negligence" claim, but as before, brought claims for "Fraud", "Malice," and "Intentional Infliction of Emotional Distress". *Id.*

6. For more than two years, neither Ferguson nor Stanley did anything in the Second Suit. *See* Docket Sheet, 1:17-CV-00295-MAC-JZH. Stanley did not answer. Ferguson neither sought a clerk's entry of default, nor any other way pursued the case. The long silence was broken by the Court on January 9, 2020. Doc. 10.

7. Ferguson sought and obtained a clerk's entry of default on February 5 and 6, 2020, respectively. 1:17-CV-00295-MAC-JZH, Doc. 16, 17.

8. More than a month later, on March 18, 2020, the Court Ordered that the clerk's entry of default be served on Defendant Stanley. 1:17-CV-00295-MAC-JZH, Doc. 18

## II.
### ARGUMENT & AUTHORITIES

**A. An amended complaint *voids* a clerk's entry of default on any prior complaint:**

9. "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect…." *Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n. 2 (5th Cir. 2010). Consequently, a clerk's entry of default based on an original complaint which has been superseded "is likewise a nullity and must be set aside." *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2017 U.S. Dist. LEXIS 172701, at *2-3 (E.D. Tex. Sept. 29, 2017) adopted 2017 U.S. Dist. LEXIS 171720 (E.D. Tex. Oct. 17, 2017); *See also, CIT Bank, N.A. v. Fox*, No. 3:18-CV-00154

(MAD/DEP), 2019 U.S. Dist. LEXIS 83513, at *7 (N.D.N.Y. 2019) (following *U.S. Bank Nat't Ass'n*, citing cases reaching the same result).

10. Plaintiff Ferguson filed an Amended Complaint, but never attempted to serve it. The clerk's entry of default was rendered on the *superseded* Original Complaint. 1:17-CV-00295-MAC-JZH Doc. 16, 14, 6, 1 (listed in reverse order to trace entry of default back to the Original Complaint); 1:17-CV-00295-MAC-JZH Docket Sheet (showing First Amended Complaint at Doc. 8, and no activity by Plaintiff thereafter until prompted by the Court's Order of Doc. 10).

11. Consequently, the entry of default is void.

12. Incidentally, this also means that the Court's Order at Doc. 10 had factual support in that the Plaintiff had not attempted to serve the First Amended Complaint for more than two years. Dismissal for want of prosecution was proper. "[W]hen circumstances make such action appropriate; a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

**B. Good cause authorities, to the extent they are at issue:**

13. As a matter of law, *Canal Ins. Co.*, and *U.S. Bank Nat'l Ass'n* should dispose of the matter. To the extent they do not, the Fifth Circuit disfavors default judgments, and "where there are no intervening equities[,] any doubt should . . . be resolved in favor of the movant to the end of securing a trial upon the merits." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (internal citation omitted). Default judgments involve competing policy interests. On one hand, we have "'adopted a policy in favor of resolving cases on their merits and against the use of default judgments.'" *Wooten*, 788 F.3d at 496 (quoting *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)). "On the other, this policy is 'counterbalanced by considerations of social goals, justice and expediency, a weighing

process that lies largely within the domain of the trial judge's discretion.'" *Id.* (quoting *In re Chinese-Manufactured Drywall*, 742 F.3d at 594).

14. Normally, entries of default are challenged under Rule 55(c), which permits a district court judge to "set aside an entry of default for good cause." Fed. R. Civ. P. 55. In determining whether good cause exists to set aside an entry of default, the court considers "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563 (*citing Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563. "Other factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.* The burden of showing good cause lies with the party challenging the default entry. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). This Court has viewed Rule 55(c) motions through the lens used to assess entries of default as a sanction: "[t]he entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations." *Butler v. Dir., Tex. Dep't of Crim. Justice-Corr. Insts. Div.*, No. 9:16-CV-210-RC-KFG, 2020 U.S. Dist. LEXIS 22165, at *2 (E.D. Tex. 2020) *citing E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972).

15. Strict enforcement of rules resulting in default "has no place in the Federal Rules" *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991). "The requirement of 'good cause'… has generally been interpreted liberally". *Id.,* at 685.

### C. Good cause facts:

16. One of the *Effjohn/Lacy* factors is "whether a meritorious claim has been presented" by the Plaintiff. The Court dismissed this Second Suit for want of prosecution, and that outcome is supported on the record. Ferguson obtained reversal of that dismissal by showing facts of service regarding the original complaint, but as set forth above, Ferguson was required to serve the

amended complaint, and for two years he had neither served it nor evidenced any intention to do so. What is more, Ferguson's Second Suit will be barred by *res judicata* in the event that the Fifth Circuit affirms this Court's dismissal of the First Suit:

> Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)

The first element is met as the parties are identical. The second element is met as well. The third element is met due to this Court's decision in the First Suit, pending the outcome of the appeal. The First Suit and the Second Suit meet the fourth element as well:

> We apply a transactional test to determine whether two suits involve the same claim or cause of action. The transactional test focuses on whether the two cases are based on the same nucleus of operative facts. It is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted that defines the claim. Indeed, what factual grouping constitutes a "transaction" and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (internal quotations and citations omitted).

17. *Effjohn* further states that the Court may consider "whether the party acted expeditiously to correct the default." The Defendant has filed this Motion promptly after learning of the clerk's entry of default via the Court's March 18, 2020 Order requiring that the same be served on Defendant.

18. Good cause exists due to mistake or excusable neglect to set aside the default order. As mentioned herein Plaintiff brought the current suit while in the midst of the First Suit, alleging acts and omissions allegedly arising out of the exact same underlying facts. The First Suit was complex

in that involved multiple parties and multiple claims, with numerous and frequent filings. In effect, Defendant had already responded to and appeared in response to Plaintiff's underlying dispute as they involve the same facts, parties and issues. Plaintiff was on notice of Defendant's opposition to his claims from the underlying facts. The failure to answer was not intentional on Defendant's part as he forwarded it to his counsel's assistant, nor was it intentional on his counsel's part, as counsel was actively involved in the First Suit. The failure to answer the Second Suit was a matter of oversight and mistake: counsel's assistant saw that the Second Suit papers were filed by the same Plaintiff and mistaking them as being duplicative of a filing in the First Suit, did not calendar a response date. Plaintiff could, and should, have brought the current claims within the confines of the First Suit instead of instituting the Second Suit. Plaintiff was aware of Defendant's counsel's involvement in the First Suit and failed to request that counsel accept service or otherwise notify counsel of the Second Suit. For more than two years, Plaintiff never sought to follow up with Defendant either to confirm service of the amendment or to take any action in furtherance of this case. Defendant had no knowledge that the additional claims had not been answered.

### III.
#### CONCLUSION

An amended complaint voids a clerk's entry of default on a prior complaint. Therefore, entry of default against Defendant Stanley is void. This Court dismissed this case for want of prosecution. Though Ferguson served the original complaint, he never served the amended complaint. This Court has already dismissed a prior suit by Ferguson against Stanley on the same "nucleus of operative facts", therefore this suit is subject to dismissal on *res judicata* grounds. In the event that entry of default is not void (which it is) Defendant Stanley has shown that good cause to set the entry of default aside under FED. R. CIV. P. 55(c).

WHEREFORE, PREMISES CONSIDERED, Defendant J. Keith Stanley respectfully requests that this Court grant his Motion for Relief pursuant to Rule 55(c), and that the default order be vacated,

and for any and all other relief at equity or at law to which the Defendant may show himself to be justly entitled.

                                      Respectfully submitted,

                                      FAIRCHILD, PRICE, HALEY & SMITH, LLP
                                      P.O. Drawer 631668
                                      1801 North Street,
                                      Nacogdoches, Texas 75963-1668
                                      Telephone: (936) 569-2327
                                      Facsimile: (936) 569-7932

By: _/s/ D. Jeff Rambin_____
                                      Daymon Jeffrey Rambin
                                      State Bar No. 00784734
                                      jeff.rambin@fairchildlawfirm.com
                                      Russell R. Smith
                                      State Bar No. No. 18682310
                                      RSmith@fairchildlawfirm.com
                                      **ATTORNEYS FOR DEFENDANT J. KEITH STANLEY**

### DECLARATION OF DEFENDANT J. KEITH STANLEY IN SUPPORT OF MOTION

I, J. Keith Stanley declare, pursuant to 28 U.S.C. §1746:

1. I have reviewed the above and foregoing motion.
2. The "good cause" facts set forth above in Paragraph 18 are within my personal knowledge and are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed in __Buna__, Texas, United States of America on this the __25__ day of March, 2020

_____
Keith Stanley

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all parties and known counsel of record in accordance with the Federal Rules of Civil Procedure on the 26th day of March 2020 pursuant to the Court's cm/ecf system. Further, a paper copy is being delivered to Plaintiff, certified mail, return receipt requested as follows:

James Ferguson
1192 Highway 27
DeRidder, LA 70634

_____
D. Jeff Rambin
Jeff Rambin